IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND CLAUDIO,

    Plaintiff,

v.                                                         CASE NO. 5:13-cv-354-MP-GRJ

ANGUS KELLY, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C § 1983. (Doc. 1.) Plaintiff was confined at Jackson Correctional Institution when the events underlying his complaint occurred, but he has since been released from prison. Plaintiff's claims stem from alleged violations of his First and Eighth Amendment rights while incarcerated. All twelve Defendants worked at Jackson C.I. at the time of the underlying events with the exception of Defendant Crews, who is the Secretary of the Department of Corrections ("DOC.")

After review of the Complaint the undersigned concludes that Defendant Angus Kelly should be dismissed for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

## Background and Facts

Plaintiff's allegations against Defendant Kelly are that Defendant Kelly was the

law library clerk at Jackson CI, and that the law library clerks have a standing informal policy to protect the staff at Jackson CI. According to the complaint, while Plaintiff was in confinement he requested case law from the law library in order to form grievances against the prison staff. Law clerk Baines copied the case law and provided it to Defendant Kelly to forward to Plaintiff. However, Defendant Kelly stated that he was not going to give the case law to Plaintiff so that Plaintiff could file a civil lawsuit against prison staff. According to Plaintiff, "Defendant Kelly, acting in concert, and in furtherance of the conspiracy of Defendant Garner, Jones, Bryant, Cloud and Barfield refused to provide the Plaintiff with the copies of case law so that the Plaintiff could timely file administrative grievances." (Doc. 1.)

## Discussion

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010.) If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level"); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.")

A person acts under color of state law when he acts with authority possessed by

virtue of his employment with the state. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing *Monroe v. Pape*, 365 U.S. 167, 183-84 (1961) (*overruled on other grounds by Monell v. Department of Social Servs.,* 436 U.S. 658 (1978))).

Plaintiff fails to state a claim against Defendant Kelly because Kelly is not a state actor. Although it is unclear from Plaintiff's complaint alone that Defendant Kelly is an inmate, Plaintiff later indicated that Defendant Kelly was an inmate in Doc. 22, Plaintiff's Notice to the Court. The DOC also confirmed that Kelly is an inmate. (Doc. 24.) Although Plaintiff alleges that "Defendant Kelly was acting as a state actor at this time," this allegation is conclusory and unsupported by any specific facts. To the extent that Plaintiff is suggesting that Defendant Kelly can be considered a state actor based on the fact that he was working in the prison law library, this argument fails. Inmates frequently have jobs in prison, but that fact alone cannot transform every working inmate into a state actor for the purposes of § 1983. An inmates action's toward a fellow inmate are not under "color of state law," even if, as alleged by Plaintiff, Defendant Kelly's actions were geared toward protecting the prison staff. *Simonton v. Tennis*, 437 Fed.Appx 60, 62 (3rd Cir. 2011) (affirming District Court's order that plaintiff could not sue inmate Seaman under § 1983 "because he is not a state actor.")

Furthermore, despite the fact that Plaintiff alleges that Defendant Kelly was acting in furtherance of the conspiracy of Defendant Garner, Jones, Bryant, Cloud and Barfield, thereby making him a state actor, his allegation is insufficient. To establish a

prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants "reached an understanding to violate his rights." *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (citations omitted.) A claim of conspiracy requires "that Plaintiff provide more than a label or a conclusion," and "Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made." *Oden v. Thomas*, 2013 WL 5502963 (M.D. Ala. 2013) (adopting Magistrate Judge's recommendation that inmate defendants be dismissed because Plaintiff did not sufficiently allege conspiracy with defendant state actors.) Plaintiff's complaint lacks any facts to reflect that any understanding was made between the Defendants. In fact, there are no facts to indicate that Defendant Kelly ever so much as spoke to or communicated with any of the other Defendants. Plaintiff's bare assertion of a conspiracy fails to assert those material facts necessary to establish a conspiracy between Defendant Kelly and the defendant state actors.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's claim against Defendant Kelly should be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**, at Gainesville, Florida, this 14th day of January 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:13-cv-354-MP-GRJ*