IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND CLAUDIO,

    Plaintiff,

v.                                 CASE NO. 5:13-cv-00354-MP-GRJ

BARFIELD, BROWN, RANDALL BRYANT, LINDA CAIN, RICKY CLOUD, MICHAEL CREWS, JOSH DUDLEY, MARCELLUS GARNER, EDDIE JONES, ANGUS KELLY, SHEDRICK MCGRIFF, STREETMAN,

    Defendants.

_____/

## O R D E R

    This matter is before the Court on several matters.  First, Doc. 31 is a Report and Recommendation in which the Magistrate Judge recommends that the 42 U.S.C. § 1983 claim against an inmate law clerk be dismissed for failure to state a claim.   The plaintiff has not objected to that Report and Recommendation.  The Court agrees that the inmate law clerk is not a state actor.  Therefore, he may not be sued under § 1983.  The Report and Recommendation will therefore be accepted and the claim against Mr. Kelly dismissed.

    Also before the Court is Doc. 57, in which the plaintiff appeals the Magistrate Judge's order at Doc. 55.  In that order, the Magistrate Judge denied Doc. 42, the plaintiff's request for a protective order, finding that the plaintiff had not offered good cause for it.   In the motion, the plaintiff alleged that he had offered three unsworn inmate affidavits in a state court case in which the inmates averred that they had been oppressed by Defendant Jones.  He claims that the inmates averred that the DOC bribed an inmate, "chemically" gassed other inmates, and spread a

rumor about another inmate that he was a snitch, causing him to be stabbed by other inmates.

Plaintiff did not include any such affidavits in the instant case, and did not allege actual oppression of witnesses in this case.  Nevertheless, he seeks "to have this Court issue a Protective Order that this Court seems appropriate to protect the Plaintiffs [sic] witnesses due to the defendants [sic] attempt to bribe and murder the witnesses who testify for the plaintiff." Upon consideration, the Court agrees with the Magistrate Judge that plaintiff has not offered good cause for a protective order in the instant case.  His attempt to have the Court take judicial notice of unsworn affidavits filed in a state court case is insufficient, and he fails to allege any conduct relating to the witnesses in the instant case.

Moreover, as the Magistrate Judge points out in the order at Doc. 67, granting the protective order would prevent the defendants from mounting a defense, as they would not know the identities of the witnesses against them.  Accordingly, the order at Doc. 55 is affirmed. Likewise, the orders at Doc. 67 and 70, awarding defendants fees for opposing the motion for protective order is affirmed, and the appeals at Docs. 71 and 73 are rejected.  The Court agrees that plaintiff's motion for a protective order was not "substantially justified" and so fees are required under Fed. R. Civ. P. 37(a)(5)(B).

Plaintiff also filed Doc. 72, in which he appealed the Magistrate Judge's order at Doc. 68, rejecting plaintiff's request for the Magistrate Judge to take judicial notice of various documents plaintiff filed in the state court case described above, including three unsworn affidavits.  He also sought to have the Magistrate Judge take judicial notice "that a judge who was not assigned to the judicial matter disposed of that judicial matter."  Upon consideration, the Court agrees with the Magistrate Judge that Plaintiff's request for the Court to take judicial notice was properly

denied because the documents Plaintiff wants the Court to take judicial notice of do not contain adjudicative facts covered by Fed. R. Evid. 201. The "facts" in these documents cannot be accurately and readily determined from sources whose accuracy "cannot reasonably be questioned." Thus, the appeal at Doc. 72 is rejected, and the order at Doc. 68 affirmed.

Plaintiff also seeks to overturn the Magistrate Judge's decision in Doc. 75 to grant defendant 30 additional days to serve their expert witness disclosures. The Court agrees with the Magistrate Judge that plaintiff has demonstrated no prejudice from granting the extension or from the failure of the defendants to attempt to confer with plaintiff until the eleventh hour. Thus, the appeal at Doc. 79 is rejected and the order at Doc. 75 is affirmed.

Finally, in Doc. 92, plaintiff objects to various parts of the Magistrate Judge's Omnibus Order at Doc. 91. First, the Court agrees with the Magistrate Judge that the Court should not take judicial notice of the documents from the state court case, for the reasons given above. Second, the fact that "sometimes mail does not get delivered for twenty years or more" is not a fact which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Second, the Court agrees that extending discovery for sixty days rather than the thirty days requested by plaintiff is reasonable and not prejudicial to the plaintiff. Third, the Court agrees with the Magistrate Judge that the interests of justice and judicial economy would be best served by denying the motion to amend the complaint without prejudice to the plaintiff bringing a motion to amend the complaint after the Court rules on the pending motion to dismiss. The plaintiff will be in a better position at that time to determine which claims can properly be included in the complaint and which should not be. The appeal at Doc.

92 is thus rejected, and the order at Doc. 91 is affirmed.

**ORDERED AND ADJUDGED**:

The Report and Recommendation at Doc. 31 is accepted, and the claim against Angus Kelly is dismissed with prejudice.

Docs. 57, 71, 72, 73, 79, and 92, the appeals of various orders of the Magistrate Judge, are rejected and the corresponding orders are affirmed.

**DONE AND ORDERED** this *19th*  day of August, 2014

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge