### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

RAYMOND CLAUDIO,

    Plaintiff,

v.                                                      CASE NO. 5:13-cv-00354-MP-GRJ

BARFIELD, BROWN, et al.,

    Defendants.

_____/

### O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated October 20, 2014. (Doc. 102).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  After being granted an extension of time, Doc. 104, plaintiff has filed objections at Doc. 105.  I have made a de novo review based on those objections.  Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. As recommended, the motion to dismiss, Doc. 33, should be granted in part and denied in part, and the plaintiff shall file an amended complaint containing only the remaining claims.

    We begin with plaintiff's claims of a conspiracy among various defendants.  The Court agrees with the Magistrate Judge that plaintiff has not alleged sufficient facts -- specifically any allegations of an understanding among the defendants -- to support a claim for conspiracy.  Also, even if he had, his claim would be barred by in the intracorporate conspiracy doctrine.  Thus, the Court agrees with the Magistrate Judge that plaintiff's claims of a conspiracy are due to be dismissed.

    Also, plaintiff admits that after a successful appeal of his disciplinary conviction,

Defendant Crews restored all of his lost gain time due to the disciplinary conviction. Accordingly, the Court agrees with the Magistrate Judge that plaintiff cannot state a cognizable claim for the deprivation of due process with respect to the overturned disciplinary report, because it does not implicate a protected liberty interest.  Also, there is no protected interest in the inmate grievance procedures. Thus, the Court also agrees that any due process claims based on those procedures fail.

With regard to the deliberate indifference claims, the Court agrees with the following recommendations: The only deliberate indifference claims that should be permitted to proceed are these: (1) that Defendant Garner was deliberately indifferent to his medical needs by ignoring the restrictions on his medical pass; (2) that Defendants Barfield and Cloud were deliberately indifferent to his medical needs while they were on the Inmate Classification Team and reassigned Plaintiff to the disciplinary squad, despite being aware of Plaintiff's medical issues; and (3) that Defendant Garner was deliberately indifferent to Plaintiff's serious medical needs after Defendant Garner left Plaintiff on the ground trembling after he collapsed for a second time while on the disciplinary squad.

However, the Court agrees that all other deliberate indifference claims, including the claims against Defendants Cain, Streetman, and Dudley, should be dismissed. First, plaintiff alleges no direct involvement by Cain, and, as noted above, respondeat superior does not apply to § 1983 actions.  Second, the record is clear that defendants Streetman and Dudley provided medical care to plaintiff and that plaintiff's claims are simply that he disagrees with the treatment given.  Such claims do not suffice to allege deliberate indifference to serious medical needs.

The Court also agrees with the Magistrate Judge that plaintiff's claims against the Secretary of the Department of Corrections, Crews, are due to be dismissed because (1) mere

negligence is not enough to justify a § 1983 claim, (2) plaintiff fails to allege Crews' personal participation and respondeat superior does not apply to §1983 claims, and (3) Crews is immune from suits for monetary damages in his official capacity.

Finally, the Court agrees that plaintiff's claims against Defendant Garner for pepper spraying him, and against Defendant Jones for standing by and congratulating Defendant Garner on the pepper spraying, in violation of the Eighth Amendment -- which are not challenged in the motion to dismiss -- should also be permitted to proceed.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The motion to dismiss, Doc. 33, is GRANTED IN PART, and DENIED IN PART as follows:

    a. Plaintiff's claims of conspiracy against all Defendants are DISMISSED.

    b. Plaintiff's claims of violations of due process against all Defendants are DISMISSED.

    c. Plaintiff's claims of deliberate indifference to his serious medical needs are DISMISSED, except for those claims against Defendants Garner, Barfield, and Cloud.

    d. Plaintiff's official and individual capacity claims against Defendant Crews are DISMISSED.

3. Plaintiff should be directed to file an amended complaint with only those claims that have not been dismissed.

4. The case is remanded back to the Magistrate Judge for the consideration of Plaintiff's amended complaint.

**DONE AND ORDERED** this   *12th*  day of January, 2015

                                *s/Maurice M. Paul*
                                Maurice M. Paul, Senior District Judge